FILED

2014 JUN -5 PM 2:43

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TELISHA ADDISON,

Plaintiff,

vs. Case No. 2:14 cv 308-FtM-29CM

UNITED STATES OF AMERICA, Division ______

Defendant.

______/

**COMPLAINT**

Plaintiff, TELISHA ADDISON, files this action against the Defendant, UNITED STATES OF AMERICA, and alleges:

**JURISDICTIONAL ALLEGATIONS**

1. This is an action for damages under the Federal Tort Claims Act, 28 U.S.C. §2671 *et seq*.

2. Plaintiff has complied with all conditions precedent to bringing this action.

3. Plaintiff is a citizen and resident of the United States and, more particularly, the State of Florida.

4. Plaintiff, at all times material to the allegations in this Complaint and currently, resides in Fort Myers, Lee County, Florida.

5. The amount claimed in this action does not exceed $2,000,000.00.

6. Bay Pines VA Healthcare System is and was at all times material hereto subject to the direction and control of the DEPARTMENT OF VETERANS AFFAIRS of the UNITED STATES OF AMERICA, thereby making the UNITED STATES OF AMERICA liable for any acts or omissions of Bay Pines VA Healthcare System.

7. That at all times material hereto, NICOLE JOY FANARJIAN, M.D., was an agent and/or employee, or in the alternative, ostensible agent and/or employee of Bay Pines VA Healthcare System and was acting within the express, implied or apparent course and scope of her employment with Bay Pines VA Healthcare System and the UNITED STATES OF AMERICA.

8. That at all times material hereto, additional nursing and/or physicians were acting as agents and/or employees, or in the alternative, ostensible agents and/or employees of Bay Pines VA Healthcare System and were acting within the express, implied or apparent course and scope of their agency or employment with Bay Pines VA Healthcare System and the UNITED STATES OF AMERICA.

**FACTUAL ALLEGATIONS**

9. Plaintiff, TELISHA ADDISON, was a patient of Bay Pines VA Healthcare System on July 18, 2011, being admitted on or about July 18, 2011 and discharged on July 22, 2011. She was then admitted again on July 22, 2011 and discharged on July 27, 2011.

10. On or about July 18, 2011, Plaintiff, TELISHA ADDISON, presented to Bay Pines VA Healthcare System for a total abdominal hysterectomy. As a result the Defendant, UNITED STATES OF AMERICA, by and through its agents and/or employees at Bay Pines VA

Healthcare System, undertook the care, treatment and medical management of the Plaintiff for purposes of evaluating any and all of her medical complaints and providing the necessary and proper care of the Plaintiff.

11. The Plaintiff's physician, NICOLE JOY FANARJIAN, M.D., ordered that the Plaintiff, TELISHA ADDISON, undergo a total abdominal hysterectomy and she was admitted to Bay Pines VA Healthcare System on or about July 18, 2011.

12. On or about July 18, 2011, agents and/or employees of the Defendant, the UNITED STATES OF AMERICA, including but not limited to NICOLE JOY FANARJIAN, M.D., began surgical intervention on the Plaintiff, TELISHA ADDISON. The hysterectomy was to be performed laparoscopically, however, during the procedure it was determined that it would be necessary to convert to a normal open surgery hysterectomy. With the patient placed in stirrups, NICOLE JOY FANARJIAN, M.D. chose to use a Balfour retractor to open the operative area to make the surgery easier to perform. Unfortunately, during the surgery the femoral nerve was compressed and permanently damaged resulting in almost total loss of normal usage of Plaintiff, TELISHA ADDISON'S, left leg.

13. The femoral nerve in Plaintiff, TELISHA ADDISON'S, left leg was permanently damaged during the surgical procedure, initially resulting in a complete loss of use of the leg, constant swelling of the knee and associated pain. Over time, Telisha regained some feeling and partial use of the leg, but has now plateaued with significant permanent damage remaining and must constantly wear a brace and walk with a cane. She is unable to ambulate without the brace and a cane or crutch and it is not anticipated that this will improve.

## COUNT I - NEGLIGENCE

14. Plaintiff, TELISHA ADDISON, adopts and realleges paragraphs 1-13 as if fully set forth herein.

15. At all times material hereto, Defendant, UNITED STATES OF AMERICA, through its agents, servants, and/or employees, acting in the course and scope of their employment, owed a duty to the Plaintiff, TELISHA ADDISON, to diagnose, advise, care for and treat her, and to provide and render that care in accordance with the accepted standards of medical care and treatment.

16. At all times material hereto, Defendant, UNITED STATES OF AMERICA, through its agent, servants, and/or employees, acting in the course and scope of their employment was negligent in the following particulars, which negligence was either the direct and proximate cause, or the contributing cause of the injuries and damages suffered by the Plaintiff, TELISHA ADDISON:

A. Failing to properly order, conduct, monitor, supervise, and/or interpret properly the medical symptoms presented by the Plaintiff, TELISHA ADDISON, during the course of her treatment while a patient at Bay Pines VA Healthcare System; and/or

B. Failing to properly select and train healthcare personnel, including but not limited to hospital nursing staff so that competent medical care and treatment would be provided to patients presenting problems such as the Plaintiff, TELISHA ADDISON's, presenting medical condition, as more particularly described herein

above; and/or

C. Failing to provide competent medical staff and personnel who would properly assess, identify, recognize and appreciate the condition presented by the Plaintiff, TELISHA ADDISON, while a patient in the Defendant's facility; and/or

D. Failing to provide competent medical staff and personnel to provide treatment and medical management to the Plaintiff, TELISHA ADDISON; and/or

E. Failing to offer appropriate medical treatment to the Plaintiff, TELISHA ADDISON, for the conditions presented by the Plaintiff when the Defendant could have or should have been aware that a femoral neuopathy was occurring; and/or

F. Failing to take the proper steps and precautions to insure that the femoral nerve was not compromised while the balfour retractor was in place.

17. As a proximate result of the above-stated acts of the agents, servants and/or employees of Defendant, UNITED STATES OF AMERICA, acting within the course and scope of their employment therewith, Plaintiff, TELISHA ADDISON, suffered grave, serious and permanent injuries, aggravation of pre-existing injuries, loss of important bodily functions, loss of capacity for the enjoyment of life, mental anguish and lost wages. These injuries are permanent in nature.

WHEREFORE, Plaintiff, TELISHA ADDISON, demands judgment and damages against the Defendant, UNITED STATES OF AMERICA, not to exceed $2,000,000.00, interest, costs and such other further relief as the Court deems just and proper.

DATED this 5th day of June, 2014.

GARVIN LAW FIRM
4280 Cleveland Avenue
Fort Myers, FL 33901
Telephone: (239) 277-0005
Facsimile: (239) 277-0004
Attorneys for Plaintiff
serviceofpleadingsJRG@garvinlegal.com
jgarvin@garvinlegal.com

By: ______________________________
JEFFREY R. GARVIN
Florida Bar #162005
(csh)